IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.  06-30058 |
| ) | |
| SPENCER HARRIS, ) | |
| ) | |
| Defendant. ) | |

**OPINION**

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on Defendant Spencer Harris' Motion to File Judgment of Acquittal Instanter (d/e 37), Motion to File Motion for New Trial Instanter (d/e 39), Motion for Judgment of Acquittal (d/e 36), and Motion for New Trial (d/e 38).  For the reasons set forth below, the Court allows Defendant's Motion to File [Motion for] Judgment of Acquittal Instanter and his Motion to File Motion for New Trial Instanter.  The Court denies Defendant's Motion for New Trial and his Motion for Judgment of Acquittal.

Defendant raises various points in his Motion for New Trial.  The Court has reviewed the matter and remains of the opinion that its rulings

1

on Defendant's Motion In Limine (d/e 11) and objections were correct at the time they were made, for the reasons stated of record or for the reasons stated in written Opinions. The Court therefore adopts the reasons stated in connection with the earlier rulings, denies this request, and will not reverse any of its pretrial or trial rulings which denied the Defendant's Motion and objections. Defendant's Motion for New Trial is denied.

Defendant next asks for a judgment of acquittal with respect to Count 4 because the Government failed to present sufficient evidence to convict the Defendant beyond a reasonable doubt. Defendant contends that the Government failed to establish that the firearm in question was possessed "in furtherance of" the commission of the underlying drug trafficking offense. Defendant asserts that the Government failed to establish a specific nexus between the firearm and the drug trafficking offense.

Count 4 charged Defendant with knowingly possessing a firearm, namely a loaded 9mm Browning Arms, semi-automatic pistol, in furtherance of a drug trafficking crime, namely the possession with intent to distribute cocaine base (crack), as charged in Count 2, in violation of 18 U.S.C. § 924(c)(1)(A)(I). In addressing the "in furtherance of" language in § 924(c)(1)(A), the Seventh Circuit stated that "the Government must offer

2

evidence to validate the notion that the specific weapon at issue in fact furthered the drug crime by, for example, being available for the protection of the drug dealer or his drugs. That specific factual nexus is essential to distinguish between a gun on the premises which has no reasonable relationship to the drug possession and future distribution and a weapon that is present to further that possession." United States v. Castillo, 406 F.3d 806, 815 (7th Cir. 2005) (internal citation omitted).

The Court has reviewed the matter and finds that the Government presented sufficient evidence to convict the Defendant on the § 924(c)(1)(A) charge, as set forth in Count 4. Indeed, the Government presented sufficient evidence to establish a specific factual nexus between the 9mm Browning Arms, semi-automatic pistol and the underlying drug trafficking offense charged in Count 2. Ammunition for the 9mm Browning Arms was found on top of a hutch next to the powder cocaine and the cocaine base (crack), and the gun was found in the kitchen near a scale and a rock of crack cocaine (which were on top of the microwave oven). Defendant's Motion for Judgment of Acquittal is therefore denied.

THEREFORE, for the reasons set forth above, Defendant's Motion to File Judgment of Acquittal Instanter (d/e 37) and Motion to File Motion for

3

New Trial Instanter (d/e 39) are ALLOWED.  Defendant's Motion for Judgment of Acquittal (d/e 36) and Motion for New Trial (d/e 38) are DENIED.  This matter will proceed to sentencing, which is scheduled for May 21, 2007, at 3:30 p.m.

IT IS THEREFORE SO ORDERED.

ENTER:  May 21, 2007.

       FOR THE COURT:

                                      s/ Jeanne E. Scott
                                      JEANNE E. SCOTT
                                      UNITED STATES DISTRICT JUDGE